The Succession of Stephen C. Hickey, represented by Albert W. Newlin, Public Administrator, brought this mandamus proceeding against Carrie Connor, William P. Hickey, Recorder of Mortgages for the Parish of Orleans, and Louis T. Roschuni, Register of Conveyances for the Parish of Orleans, seeking the erasure of a certain tax sale by the City of New Orleans to Carrie Connor by act before Robert Legier, Notary Public, dated October 25th, 1939, and recorded in the office of the Register of Conveyances, Book No. 507, Folio No. 556, and also the erasure of an inscripton of subrogation for State Taxes for the year 1937 in favor of Carrie Connor in the sum of $21.50, recorded in Mortgage Office Book No. 1563, Folio No. 120.
The defendants raised a number of questions below which are now abandoned, the sole point insisted upon before this Court being the right of the Public Administrator to maintain this action particularly in view of the fact that it was brought subsequent to the filing of his final account.
There was judgment below in favor of the plaintiff and the defendant, Carrie Connor, has appealed.
Stephen C. Hickey died in the East Louisiana State Hospital for the Insane at Jackson, Louisiana, on February 14th, 1938. He died possessed of a certain piece of property located in the Sixth District of the City of New Orleans and more particularly described in the inventory of his Succession No. 234,311 of the Civil District Court. Albert W. Newlin, the Public Administrator, qualified as administrator of his succession and caused an inventory to be taken, from which it appears that the estate consists of $3,836.55, in cash and the real estate to which we have referred, appraised at $1,800, making a total of $5,436.55.
On the 13th day of May, 1940, the Administrator filed his final account proposing to disburse, as debts of the deceased, $1,646.83. The account was duly homologated on May 23rd, 1940. Thereafter, on June 4th, 1940, this mandamus suit was brought.
It appears that while Stephen Hickey was in the insane asylum the taxes due the City of New Orleans on this real estate for the year 1938 were unpaid and the property was sold and Carrie Connor purchased it, at tax sale, on September 30th, 1939 for $60. The three years during which property may be redeemed under *Page 416 
Article 10, Section 11 of the Constitution of Louisiana not having expired, the Administrator undertook to redeem it and tendered to the purchaser the amount paid by her plus interest and ten percent, as he was required to do in order to redeem the property. Carrie Connor refused to accept the tender by the Administrator, whereupon the amount was paid to the tax collector pursuant to the provisions of Act No. 133 of 1928.
None of the steps taken by the Administrator for the redemption of the property is the subject of criticism by the appellant, who freely concedes that if the Administrator has the authority to stand in judgment, the redemption has been accomplished and Carrie Connor is without any interest in the title to the property.
It must be admitted that an Administrator whose gestion has been completed by the filing of his final account, the distribution of the assets and the cancellation of his bond, is functus officio. The situation is a little different here. In the first place, we have a Public Administrator in charge of a vacant succession, no heir having appeared to accept it and none are known to exist. Counsel for appellant contends that the sole purpose of an Administrator is to pay the debts of the deceased and that, since the debts of this succession have been paid, the sole party interested in the residuum is the State of Louisiana and that, consequently, there is no need of further administration. The situation is, it is claimed, in all respects, similar to that of a Private Administrator who has been discharged after the completion of his gestion.
Act No. 87 of 1870 provides that: —
"All vacant successions shall be administered by the public administrator * * *, until the heirs present themselves and are recognized by the court and put to possession, and if no heirs present themselves within one year, the funds resulting from said estates shall be paid into the treasury of the state."
No heirs have appeared to claim the assets of this succession but they may yet do so. The chief objection to the right of the Public Administrator to stand in judgment herein is based upon the fact that he has filed his final account, which has been homologated and the funds distributed in accordance therewith. This is usually the last act of an Administrator and, perhaps, the account was improperly styled "final account". On the other hand, there is, so for as we can see, no need for the filing of a subsequent account. Certainly not at this time or until the property shall be sold, if that should be the situation. All that the Administrator here is doing is to reduce to the possession of the Succession of Hickey, the real estate of which Hickey died possessed, subject to the rights of the purchaser at the tax sale. In other words, if Hickey had survived and had recovered his mental stability sufficiently to permit him to do so, he might have redeemed the property himself, or if a curator had been appointed he might have done so. The Administrator here seeks to accomplish the same result for the benefit of Hickey's succession. We do not believe that the fact that the Administrator filed his final account prevents him from doing so. It will be remembered that the Administrator was not discharged from his trust and that he had not completed his gestion, because it was his duty to hold the funds for a year to permit possible heirs to present their claims.
We are of the opinion that the judgment of the Court below was correct, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.